UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAROLD JEAN-BAPTISTE,<br><br>                    Plaintiff,<br><br>-against-<br><br>MONTWAY LLC; DIRECT MOTOR LINES, INC.,<br><br>                    Defendants. | 22-CV-7742 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this action *pro se*. Plaintiff asserts claims arising from his agreement with defendants to transport his vehicle from North Miami Beach, Florida, to Queens County. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he hired defendants to transport his vehicle, a 2004 Land Rover, from North Miami Beach, Florida, to Rosedale, New York. He describes both defendants as Illinois companies.[1] The allegations of the complaint show that all of the events giving rise to Plaintiff's claims occurred outside this district, and venue is therefore not proper in this district under Section 1391(b)(2). Venue is not proper in this district under Section 1391(b)(1) unless both defendants reside in this district, and it is not clear from the complaint that defendants can be deemed to reside here. Because substantial events giving rise to Plaintiff's claims took place in Rosedale, in Queens County, New York, which is in the Eastern District of New York, 28 U.S.C. § 112(c), venue is proper under Section 1391(b)(2) in the United States District Court for the Eastern District of New York.

A court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice," even if venue is proper in the jurisdiction where it was filed. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co.*

---

[1] Plaintiff filed an identical suit in the United States District Court for the Northern District of Illinois but voluntarily dismissed that action without prejudice on September 9, 2022, before the Court took any action. *See Jean-Baptiste v. Montway, LLC*, No. 22-CV-4687 (N.D. Ill. Sept. 9, 2022).

*v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff does not reside in this district and the operative events did not take place in this district. The underlying events occurred in Queens County, in the Eastern District of New York, and it is reasonable to expect that all relevant documents and witnesses also would be in that district. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case.

---

[2] Plaintiff submitted a personal check with his complaint, but the Court does not accept personal checks, and the Clerk of Court is directed to return the check to him uncashed.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 12, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge