UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HAROLD JEAN-BAPTISTE,

                Plaintiff,

                                                  **MEMORANDUM & ORDER**
        -against-                                22-CV-5579 (PKC) (LB)

MONTWAY LLC and DIRECT MOTOR LINES, INC.,

                Defendants.
-------------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Harold Jean-Baptiste brings this *pro se* action invoking federal question jurisdiction under 28 U.S.C. § 1331.[1] Plaintiff has paid the required filing fee. For the reasons discussed below, the Amended Complaint is dismissed for lack of subject matter jurisdiction.[2]

## BACKGROUND

Plaintiff Harold Jean-Baptiste, a citizen of New York, brings this *pro se* action against Defendants Montway LLC and Direct Motor Lines, Inc., both located in Illinois, asserting that Defendants were negligent and violated state and federal criminal statutes, including Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*., and Sections 1983, 1985, and 1986 of Title 42. Plaintiff alleges that Defendants altered the vehicle identification number, or VIN, on his 2004 Land Rover while shipping the vehicle from Florida to his home in Queens, New York, in order to get Plaintiff arrested. (Amended Complaint at Dkt. 2, 9). Plaintiff seeks $17,000 in compensatory damages and $50,000,000 in punitive damages. (*Id*. at 11.)

---

[1] This action was transferred to this district from the United States District Court for the Southern District of New York. Plaintiff thereafter *sua sponte* filed an amended complaint.

[2] Because the Court dismisses this case for lack of subject matter jurisdiction, it denies as moot Defendants' request for a pre-motion conference (Dkts. 16 and 20), as well as Plaintiff's request for ECF access (Dkt. 9).

1

**STANDARD OF REVIEW**

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte. See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009).

**DISCUSSION**

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted).

**I.      Plaintiff's Title VII Claim**

Plaintiff brings this action pursuant to, *inter alia*, Title VII, which provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Plaintiff's purported Title VII claim clearly fails as he does not have an employment relationship with Defendants.

## II.  Plaintiff's Section 1983, 1985 and 1986 Claims

### A.  Section 1983

To the extent Plaintiff seeks to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983, his claim also fails because under Section 1983, individuals may only bring a cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable Section 1983 claim, Plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Plaintiff does not set forth any facts to suggest that Defendants are state actors or acted in concert with any state actor.

### B.  Sections 1985 and 1986

Plaintiff also does not sufficiently allege claims under 42 U.S.C. §§ 1985 and 1986. "[T]o make out a violation of § 1985(3) . . . , the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 103 S. Ct. 3352, 3356 (1983). A "conspiracy" requires, for purposes of Section 1985, "a plurality of actors committed to a common goal." *Frooks v. Town of Cortlandt*, 997 F. Supp. 438, 456 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 899 (2d Cir. 1999). Plaintiff does not sufficiently allege a conspiracy between

Defendants and/or others to deprive Plaintiff of equal protection of the law. Likewise, Plaintiff does not allege a claim under Section 1986, which proscribes knowingly failing to prevent a Section 1985 conspiracy "which such person by reasonable diligence could have prevented," and explicitly requires an underlying conspiracy under Section 1985. *See Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) ("[A] § 1986 claim must be predicated on a valid § 1985 claim.").

### III.    Plaintiff's Claims Under Federal and State Criminal Statutes

Plaintiff also seeks to assert federal question jurisdiction under state and federal criminal statutes Title 18, United States Code, §§ 241 and 511, Code of Federal Regulations §§ 565.1 and 565.13, and New York Penal Law §§ 170.65, 170.70, and 170.71. However, private citizens such as Plaintiff do not have a right to bring a criminal proceeding. *See Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (per curiam) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). *See also El Bey v. Dogdig*, No. 22-CV-0091, 2022 WL 784035, at *2 (S.D.N.Y. Mar. 15, 2022) (a plaintiff cannot initiate a criminal proceeding).

### IV.    Plaintiff's Negligence Claim

To the extent Plaintiff is asserting a negligence claim against Defendants, that claim "arise[s] under state law, and a federal court generally will not have original jurisdiction over [that claim] unless complete diversity exists." *Urena v. Wolfson*, No. 09-CV-1107, 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010) (citation omitted). In addition, a party invoking diversity jurisdiction "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l*

5

*Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

Here, Plaintiff fails to establish that this Court has diversity jurisdiction over this action for two reasons. First, he does not allege any facts from which to infer complete diversity of the parties. Second, Plaintiff alleges only that the value of his automobile is $17,000, which clearly does not meet his burden to establish a "reasonable probability" that he can recover more than $75,000 in this action to meet the statutory jurisdictional requirement. Although Plaintiff seeks $50,000,000 in punitive damages, such a demand must be considered with heightened scrutiny and does not automatically satisfy the amount-in-controversy requirement. *See Nwanze v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) ("We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law"); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("the Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citing *Nwanze v. Time, Inc.*, 125 F. App'x 346 at 349)). Here, the Court finds that Plaintiff's $50 million punitive damages claim is not supported by the allegations in the Amended Complaint, which are limited to an actual damage amount, even if recoverable, of $17,000, and because there are no allegations that Plaintiff suffered any other injury as a result of the alleged VIN alteration.

*Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

Here, Plaintiff fails to establish that this Court has diversity jurisdiction over this action for two reasons. First, he does not allege any facts from which to infer complete diversity of the parties. Second, Plaintiff alleges only that the value of his automobile is $17,000, which clearly does not meet his burden to establish a "reasonable probability" that he can recover more than $75,000 in this action to meet the statutory jurisdictional requirement. Although Plaintiff seeks $50,000,000 in punitive damages, such a demand must be considered with heightened scrutiny and does not automatically satisfy the amount-in-controversy requirement. *See Nwanze v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) ("We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law"); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("the Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citing *Nwanze v. Time, Inc.*, 125 F. App'x 346 at 349)). Here, the Court finds that Plaintiff's $50 million punitive damages claim is not supported by the allegations in the Amended Complaint, which are limited to an actual damage amount, even if recoverable, of $17,000, and because there are no allegations that Plaintiff suffered any other injury as a result of the alleged VIN alteration.

Therefore, the Court finds that it also lacks diversity jurisdiction over this matter and Plaintiff's state law claims are dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Furthermore, the Court declines to exercise supplemental jurisdiction over any potential state law claims. *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction.") (internal quotations and citation omitted).

## CONCLUSION

Accordingly, Plaintiff's Amended Complaint is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to enter judgment and close this case.

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to further amend his complaint but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011). Although Plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Brooklyn, New York
Dated: October 19, 2022